Alexis ALEXOPULOS, By and Through his mother, Marguerite ALEXOPULOS, and Marguerite Alexopulos, Plaintiffs-Appellants/Cross-Appellees,

v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT; California Department of Education, Defendants-Appellees/Cross-Appellants.

No. 86–1517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1987.

Decided May 15, 1987.

As Amended May 30, 1987.

Michael A. Zaptopa, Foster City, Cal., for plaintiffs-appellants.

Aubrey V. McCutcheon, Jr., Detroit, Mich., for defendants-appellees.

Before SCHROEDER, WIGGINS and THOMPSON, Circuit Judges.

WIGGINS, Circuit Judge:

Alexis Alexopulos (Alexis) and his mother, Marguerite Alexopulos (Mrs. Alexopulos), sued defendants San Francisco Unified School District (District) and California Department of Education (Department), for denying Alexis a free public education during the 1974–75 school term in violation of

section 504 of the Rehabilitation Act of 1973 (section 504 or Rehabilitation Act), 29 U.S.C. § 794, and an appropriate education in 1979 in violation of the Education of the Handicapped Act (EHA or the Act), 20 U.S.C. §§ 1400–1454. The district court granted summary judgment for the defendants. We affirm.

## FACTS AND PROCEEDINGS

Mrs. Alexopulos placed her severely handicapped autistic son, Alexis, in a private special education school from February 1974 through February 1975. She contends that she placed Alexis in private school because the District had excluded him from its programs. The District partially reimbursed her for the private school expenses based on the average sum the District expended for a nonhandicapped child.

Alexis entered the District's programs in September 1977. On December 13, 1978, the District suspended Alexis because he bit a student. Without consulting Mrs. Alexopulos or obtaining her consent, the District notified her that Alexis would be instructed at home in an interim placement pending evaluation. The District delayed Alexis' evaluation until May 1979 and failed to hold an Individual Education Program (IEP)[1] meeting until June. The IEP recommended a special day school for Alexis. A teachers' strike delayed the school's opening until October 1979 when Alexis enrolled. He continued there until the summer of 1985 when the District notified him that he was no longer eligible for public education because he had turned twenty-two on May 4, 1985.

In 1985 Mrs. Alexopulos petitioned the state for a hearing to contest the decision to terminate Alexis' education. She alleged the defendants violated section 504 in 1974–75 by excluding Alexis from public school, for which she requested either reimbursement of all private school expenses or equivalent compensatory education. She also alleged the defendants violated the EHA in 1979 by not timely providing Alexis with an appropriate education, for which she requested compensatory education. The hearing officer found Alexis no longer eligible for special education due, inter alia, to statutory age limits. Alexis and his mother appealed the hearing officer's decision to the district court under 20 U.S.C. § 1415(e)(2). The district court granted defendants' motion for summary judgment. It found that Mrs. Alexopulos' claim under section 504 was time-barred and that Alexis had suffered no damages from the defendants' 1974–75 actions. The court also found Mrs. Alexopulos', but not Alexis', EHA claim time-barred and found no procedural violations of the EHA. Plaintiffs timely appealed the final order of the district court under 28 U.S.C. § 1291.

## DISCUSSION

### I. STANDARD OF REVIEW

This court reviews de novo a grant of summary judgment. *Squaxin Island Tribe v. Washington*, 781 F.2d 715, 718 (9th Cir.1986).

### II. SOVEREIGN IMMUNITY

▮▮ The State is immune from suits in federal court for monetary relief under section 504 of the Rehabilitation Act, *Alexopulos v. Riles*, 784 F.2d 1408, 1412 (9th Cir. 1986); and for damages liability under the EHA, *Doe v. Maher*, 793 F.2d 1470, 1493–94 (9th Cir.1986). Because a request for compensatory education is virtually identical to a request for monetary damages measured by the cost of the educational services provided, *see Alexopulos*, 784 F.2d at 1412, California is immune from liability under either section 504 or the EHA for compensatory education. The Department, as an agency of the State, is shielded by the eleventh amendment from liability for compensatory education. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105

---

1. The IEP is the modus operandi of EHA; it is both a comprehensive statement of the educational needs of a handicapped child and a program to meet those needs developed jointly by the school and parents or guardians. *School Comm. v. Department of Educ.*, 471 U.S. 359, 368, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985).

S.Ct. 3142, 87 L.Ed.2d 171 (1985); *Almond Hill School v. United States Dept. of Agric.,* 768 F.2d 1030, 1034 (9th Cir.1985).

For the first time on appeal, the District appears to invoke the State's eleventh amendment immunity. As a local governmental entity, the District may not qualify for eleventh amendment protection. However, we need not reach the issue of the District's immunity. The District does not press its claim to immunity in its briefs and did not raise it in oral argument. "[T]he Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar" that it is proper to consider it for the first time on appeal. *Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974). However, "because of the importance of state law in analyzing Eleventh Amendment questions and because the State may, under certain circumstances, waive this defense, [the Supreme Court has] never held that it is jurisdictional in the sense that it must be raised and decided by [the] Court on its own motion." *Patsy v. Board of Regents,* 457 U.S. 496, 516 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982) (exercising discretion not to address unbriefed eleventh amendment issues). Because the eleventh amendment issue is neither vigorously pressed nor briefed by the District, and because there is an adequate alternative ground to support the judgment, we exercise our discretion not to resolve whether the District is immune under the eleventh amendment.

## III. SECTION 504 CLAIM

Mrs. Alexopulos brings her 1974–75 claim under section 504 of the Rehabilitation Act. She alleges the District denied Alexis a free public education. Section 504 provides that "[n]o otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Section 504 was enacted as a general civil rights provision "to prevent discrimination against all handicapped individuals ... in employment, housing, transportation, education, health services, or any other Federally-aided programs." S.Rep. No. 1297, 93d Cong., 2d Sess. 38, *reprinted in* 1974 U.S.Code Cong. & Admin.News 6373, 6388; *see Greater Los Angeles Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1107 (9th Cir.1987).[2] We need not address whether Mrs. Alexopulos may sustain a claim under section 504 because we find her action barred by the statute of limitations.

■ Because section 504 contains no statute of limitations for filing an action, we borrow the statute of limitations governing an analogous California cause of action. *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). Section 504 is a civil rights statute, *see Zolin,* 812 F.2d at 1107, closely analogous to section 1983. The Supreme Court has characterized section 1983 claims as personal injury actions, *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), governed by California's one-year statute of limitations, *McMillan v. Goleta Water Dist.,* 792 F.2d 1453, 1456 (9th Cir.1986); Cal.Code Civ.Proc. § 340(3) (West 1982 & Supp.1987). Mrs. Alexopulos' claim is barred under either the three-year limitation period "upon a liability created by statute," Cal.Code Civ.Proc. § 338(1) or the one-year limitation period for personal injury actions, Cal.Code Civ.Proc. § 340(3). We do not reach the question, therefore, whether Mrs. Alexopulos' claim is governed by the one-year limitation period of section 340(3).

■ Mrs. Alexopulos argues that she believed at the time she paid for Alexis' private schooling in 1974–75 that she could not bring a suit for compensatory education damages until Alexis finished his education. She argues that her cause of

---

2. The Education for All Handicapped Children Act of 1975 (EAHCA), 89 Stat. 773, Pub.L. 94–142, amended the EHA effective 1977. Pub.L. No. 91–230, 84 Stat. 175 (1970) (codified as amended at 20 U.S.C. §§ 1400–1454). The EHA, as amended by the EAHCA, provides the sole remedy for a handicapped child who has been denied the right to a free appropriate public education. *Smith v. Robinson,* 468 U.S. 992, 1019, 104 S.Ct. 3457, 3472, 82 L.Ed.2d 746 (1984).

action therefore did not accrue until 1985. While state law determines the period of limitations, federal law determines when a cause of action accrues. *Cline v. Brusett,* 661 F.2d 108, 110 (9th Cir.1981). Under federal law a cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Id.* Mrs. Alexopulos knew that Alexis was excluded from school in 1974. She did not file her claim for relief until June 1985. We hold that she was not diligent in pursuing her claim, and the statute of limitations bars her action.

■ Plaintiffs also contend that Alexis has a separate claim that was tolled due to his disability (i.e. minority or mental incapacity). *See* Cal.Code Civ.Proc. § 352(a) (West Supp.1987). We need not address this argument because Alexis has suffered no damages. Mrs. Alexopulos concedes that Alexis spent no money of his own on his education. Moreover, Alexis suffered no educational harm because he received a private school education. Mrs. Alexopulos' theory is that if she were to receive the funds now, she would provide additional education for Alexis. But how she would spend monies in the future is not relevant to whether Alexis suffered an injury in the past. Thus, Alexis has no section 504 claim.

## IV. EHA CLAIM

■ Mrs. Alexopulos claims the District violated the EHA in 1979 by failing to inform her of her rights and denying her request for a due process hearing. *See* 20 U.S.C. § 1415(b)(1)(D), (2). We need not determine the existence or extent of a cause of action and possible District liability for alleged procedural violations under the EHA,[3] as we find this action barred by

the three-year statute of limitations for statutory causes of action. Cal.Code Civ. Proc. § 338(1) (West 1982 & Supp.1987).[4] Any cause of action which Mrs. Alexopulos may have had would have accrued in 1979 when she knew or had reason to know of the facts underlying it. *See Cline,* 661 F.2d at 110. The District's delay in rectifying Alexis' home placement was known to Mrs. Alexopulos at this time. Because she waited six years to assert a claim, the claim is barred.

■ Mrs. Alexopulos argues that even if her claim is time-barred, Alexis has a separate claim that remains viable because the statute of limitations is tolled during the time a person is under a disability (e.g., under the age of majority or insane). *See* Cal.Code Civ.Proc. § 352(a). In the absence of a federal statute of limitations, federal courts borrow not only the applicable state statute, but also the rules for its tolling, unless to do so would be " 'inconsistent with the federal policy underlying the cause of action under consideration.' " *Board of Regents v. Tomanio,* 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (quoting *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978)). We hold that section 352 does not toll the limitations period under the EHA. The EHA is designed to assure that representatives of handicapped children would promptly assert the children's educational rights. To permit tolling in favor of the children would undercut this federal policy.

Congress structured the EHA to emphasize that parental involvement was essential to assure an appropriate substantive educational program for a child. *Board of Educ. v. Rowley,* 458 U.S. 176, 205–06, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982).[5] To that end the EHA grants a private right

3. The EHA creates a cause of action for parties aggrieved by decisions of state or local agencies pursuant to due process hearings. 20 U.S.C. § 1415(e)(2). The statute does not specifically provide for judicial review when, as here, procedural violations are alleged and no due process hearing was held. We do not decide whether a cause of action exists under the EHA in such circumstances.

4. We note a different California limitation period may apply when the question is timely appeal from a hearing officer's decision. *See De-*

*partment of Educ. v. Carl D.,* 695 F.2d 1154, 1158 (9th Cir.1983) (applying Hawaii's thirty-day administrative appeal statute to EHA).

5. The IEP must be prepared with parental involvement, 20 U.S.C. § 1401(19), parents or guardians must be permitted to bring a complaint about any matter relating to such a program, *id.* § 1415(b)(1)(D) & (E), they have a right to a due process hearing, *id.* § 1415(b)(2), and any party aggrieved may appeal decisions in court, *id.* § 1415(e)(2).

of action to parents on behalf of their children.[6] *Mountain View-Los Altos Union High School Dist. v. Sharron B.H.*, 709 F.2d 28, 29 (9th Cir.1983). When no parent or guardian can be identified, the local public agency must assign a surrogate parent to pursue the child's rights.[7] 20 U.S.C. § 1415(b)(1)(B). Procedural protections afforded by the EHA are also conferred on the parents or guardian or designated surrogate. *See, e.g., id.* § 1415(b)(1)(A) (parents or guardian must have access to all relevant records); *id.* § 1415(b)(1)(C) (parents or guardian must be given prior written notice about proposed changes in child's education); *id.* § 1415(b)(1)(D) (parents or guardian must be fully informed of all procedural protections available under the EHA); *id.* § 1415(b)(2) ("[w]henever a complaint has been received ... the parents or guardian shall have an opportunity for an impartial due process hearing"); 34 C.F.R. § 300.506(a) ("[a] parent or a public educational agency may initiate a hearing on any of the matters described").

In instituting these safeguards, Congress recognized that it is critical to assure appropriate education for handicapped children at the earliest time possible. Failure to act promptly could irretrievably impair a child's educational progress. As Senator Williams emphasized during floor debate prior to enactment of the EAHCA:

> [D]elay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development.... [I]n view of the urgent need for prompt resolution of questions involving [his education] it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable....

121 Cong.Rec. 37,416 (1975).

Congress' desire to obtain timely and appropriate education for handicapped children by conferring substantial substantive and procedural rights on parents and guardians on behalf of their children clearly indicates that it did not intend to authorize filing of claims on behalf of or by the children many years after the alleged wrongdoing occurred. It is reasonable to assume that Congress expected and intended the child's representative to file actions and apply for hearings on his behalf near the time the contested event occurred. The child may not later come before a court and invoke the tolling provisions of state statutes.

### CONCLUSION

Mrs. Alexopulos' claim under the Rehabilitation Act is time-barred and Alexis has no claim under section 504 because he was not damaged. Mrs. Alexopulos' and Alexis' action for violations of the EHA are also time-barred. The district court's grant of summary judgment is AFFIRMED.

---

**6.** A parent or guardian may also bring an action on his own behalf, for example, for reimbursement of funds spent on his child's education. *See School Comm. v. Department of Educ.*, 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985).

**7.** A child who has reached majority and is not incapacitated can represent his own interests in claims not already barred by the statute of limitations. *See Vander Malle v. Ambach*, 673 F.2d 49, 52 (2d Cir.1982) (parents of child who is eighteen and hence an adult under New York law, have standing to maintain suit, as does child).

We do not decide whether the statute tolls for a child without representation (for example, when school district does not appoint a surrogate as required by 20 U.S.C. 1415(b)(1)(B)).