**Charles William KIMPTON, Plaintiff–Appellant,**

v.

**Michael D. COUCHMAN, Superintendent of Pickney Community Schools, Defendant–Appellee.**

No. 01–2581.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

Charles William Kimpton, proceeding pro se, appeals a district court judgment dismissing his civil complaint filed pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 16, 2001, Kimpton filed suit against Michael D. Couchman, Superintendent of Pickney Community Schools. Kimpton's complaint reads in toto:

> my grades began to slip in 1981 drastically and continue to slip then it became a 0.000 grade Point Average and stayed that way for the next 6 years nothing was done to help me then on Sept 9 1986 I was diagnosed with cerebellar-vestibular dysfunction and Dyslexia from Doctor Harold N. Levinson M.D the School was notified at that time they did nothing I continued to carry 0.000 gpa until 1987 when I was asked to leave school which I did. And also I missed 88 days and 66 days in a cardmarking due to abuse at home and they did nothing and I was on probation and they didn't report it that could have saved my life. I've been done wrong

[Sic]. The defendant moved for judgment on the pleadings, arguing that the complaint failed to meet the requirements of Fed.R.Civ.P. 8(a), that no federal question appeared on the face of the complaint, and that the complaint was untimely. Kimpton responded by stating that the complaint was brought pursuant to the Rehabilitation Act and that the statute of limitations should not apply because of his mental and learning disabilities. Allegedly, his mental health deteriorated after he left school and he had been hospitalized at times. Upon

review, the district court determined that the complaint was untimely and dismissed it pursuant to Fed.R.Civ.P. 12(b)(6).

In his timely appeal, Kimpton essentially argues that the complaint was timely.

Upon de novo review, we conclude that the district court properly dismissed the complaint for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. Metro-Health Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir.1995).

Kimpton's action is untimely. The timeliness of an action brought pursuant to the Rehabilitation Act is determined by looking to the state statute of limitations for personal injury actions, as it is with civil rights actions. *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 254–55 (6th Cir.1994). In Michigan, the applicable statute of limitations is three years. *See* Mich. Comp. Laws Ann. § 600.5805(9); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986). The statute of limitations may be tolled during a period of insanity, where the person cannot comprehend his or her rights and the insanity existed at the time that the claim accrued. *See* Mich. Comp. Laws § 600.5851(3).

Kimpton's claim arose in 1987, when he was allegedly asked to leave school. He did not allege that he was insane at that time, but that thereafter his "mental situation" deteriorated to the point that he needed hospitalization. Thus, the statute of limitations was not tolled by insanity, but began running in 1987 and expired in 1990. Kimpton did not file his complaint during this time period, but waited until 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.