21-2129-cv
*Maragh v. Roosevelt Island Operating Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand twenty-two.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
AMALYA L. KEARSE,
MICHAEL H. PARK,
*Circuit Judges.*

_____

Othniel Evans Maragh,

*Plaintiff-Appellant*,

v.

Roosevelt Island Operating Corporation, Charlene Indelicato, Claudia McDade, Muneshwar Jagdharry, John McManus, Rudolph Rajaballey, Sean Singh, Steven Friedman, Nancy Zee, John and Jane Does 1 2 3,

*Defendants-Appellees.*[1]                                     **21-2129**

_____

---

[1] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

**FOR PLAINTIFF-APPELLANT:**                    Othniel Evans Maragh,
                                                *pro se*, Mount Vernon, NY.

**FOR DEFENDANTS-APPELLEES:**                   Holly G. Rogers, Melick &
                                                Porter, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Othniel Maragh, proceeding *pro se* on appeal, sued his former employer—the Roosevelt Island Operating Company ("RIOC")—and several former coworkers and supervisors, alleging that they unlawfully discriminated against him and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The district court granted the defendants' motion for summary judgment on Maragh's Title VII and NYSHRL claims and declined to exercise supplemental jurisdiction over his NYCHRL claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists "if the evidence

2

is such that a reasonable jury could return a verdict for the nonmoving party." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal quotation marks and citation omitted).

## I.      Race and Gender Discrimination Claims

Claims under Title VII are analyzed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015). Once an employee has demonstrated a prima facie case, "[t]he burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment." *Vega*, 801 F.3d at 83 (internal quotation marks omitted). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination." *Id.* (internal quotation marks and citation omitted).

Here, the district court properly found that Maragh failed to adduce evidence from which a rational juror could infer that the proffered reasons for terminating him were mere pretext for race or gender discrimination. RIOC articulated nondiscriminatory reasons for Maragh's termination: his unsatisfactory work performance and the alleged threats he made to his co-workers. The defendants provided numerous declarations and evidence related to an internal investigation to justify their termination of Maragh. Maragh did not produce any evidence that the findings of the internal investigation—that he had made threatening and harassing remarks to his co-workers—were false. Because Maragh failed to demonstrate that the defendants' reasons for terminating him were pretext for race or gender discrimination, the district court correctly granted summary judgment in favor of the defendants on the Title VII and NYSHRL race and

3

gender discrimination claims.

## II.    Hostile Work Environment Claim

To establish a hostile work environment claim "the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks and citation omitted). The record does not support a finding that the alleged misconduct was "severe" or "pervasive" enough such that the work environment was objectively hostile; as the district court observed, the dearth of admissible evidence hobbles this claim much as it did Maragh's discrimination claim. The district court correctly granted the defendants' motion for summary judgment on Maragh's hostile work environment claim.

## III.    NYSHRL Claim and Supplemental Jurisdiction

Having ruled for the defendants on Maragh's federal claims, the district court decided to exercise supplemental jurisdiction over Maragh's NYSHRL claim, despite the general presumption against reaching state-law claims once all federal claims have been dismissed. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998). Citing judicial economy, the court reasoned that because NYSHRL claims are evaluated under the same standard as Title VII claims, the NYSHRL claims would necessarily fail as well. At the same time, however, the court declined to exercise supplemental jurisdiction over Maragh's NYCHRL claim, which would be evaluated under a "different standard" and would rely on "developing" issues of state law. District Court Opinion & Order at 23, ECF No. 207.

4

Although Maragh perhaps challenges it, this partial exercise of supplemental jurisdiction was not an abuse of discretion. The district court correctly characterized the underlying law and provided a cogent reason—judicial economy—for reaching the same-standard NYSHRL claims but not the different-standard NYCHRL claims. *Compare Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016) (observing that the retaliation standard is "identical" under Title VII and the NYSHRL), *and Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (observing that the "substantive" discrimination standards are the same), *with Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) ("[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims."). A district court is permitted to decide one supplemental claim and decline another. *See Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 256–57 (6th Cir. 1994). Such decisions are reviewed for abuse of discretion. *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014).

## IV. Motion to Unseal District Court Records

Maragh has also filed a motion in which he contends that the district court erred by keeping some of his and the defendants' documents under seal. Some of the documents he seeks to unseal, however, are already filed publicly on the docket at ECF Nos. 209 and 210. As to the remaining audio recording and transcript, we construe his motion as a request to review, for abuse of discretion, the district court's order declining to unseal the exhibit. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

While cognizant of the presumption in favor of public access, the audio recording here played only a "negligible role" in the district court's decision, so the presumption of public access

5

is weak. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). The district court concluded, in fact, that the audio recording and transcript were inadmissible, and therefore declined to rely on them in granting summary judgment. The district court therefore did not abuse its discretion by keeping this inadmissible evidence under seal.

We have considered all of Maragh's remaining arguments and find them to be unavailing or without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Maragh's motion to unseal.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe, Clerk of Court

6