**Paul MOORE, Appellant,**

v.

**SUNSTONE ENERGY, INC.; Walter W. Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 92–SC–571–WC.**

Supreme Court of Kentucky.

March 18, 1993.

Jonathan Stanley, Lexington, for appellant.

Phillip Gowin Taylor, Eric D. Hall, Turner, Riley & Hall, PSC, Prestonsburg, for appellee Sunstone.

## OPINION OF THE COURT

Claimant had worked in the coal mining industry for approximately 16 years when he filed a claim for workers' compensation benefits in September of 1987. Claimant's application for adjustment of claim alleged that he suffered from coal workers' pneumoconiosis, with February 4, 1986, as the date of last exposure. Claimant's employer at that time, Amber Coal Company, and the Special Fund subsequently filed an agreed Opinion and Award stating that claimant had sustained a 25% permanent, partial, occupational disability as the result of contracting pneumoconiosis arising out of the course of his employment as a coal miner. This agreed award was approved by an Administrative Law Judge (ALJ) on May 22, 1989.

In October of 1989, claimant returned to work in the coal mining industry with Sunstone Energy, Inc. (Sunstone), appellee herein. He stopped working for Sunstone in January of 1990, and on February 21, 1990, filed an application for retraining incentive benefits (RIB). Claimant stated on the RIB application that Sunstone was informed that he suffered from pneumoconiosis prior to the time he began work.

Dr. Robert Powell examined claimant on August 3, 1990, and diagnosed category 1/1 pneumoconiosis with no pulmonary impairment. Dr. Powell had also interpreted claimant's x-rays in the original claim as showing category 1/1 pneumoconiosis.

Claimant argued before the ALJ that RIB under the new Act are not occupational disability benefits, and therefore the miner who has been awarded benefits under the old Act may maintain an action for RIB under the current law. The ALJ concluded that, as a matter of law, the claimant had already been compensated under the provisions of the Kentucky Workers' Compensation Act for his affliction with coal workers' pneumoconiosis. The ALJ stated that "there has been no progression of the disease which would justify a reopening or new claim under KRS 342.125, and the instant claim based upon the very same medical condition which the plaintiff had in 1986 is barred as to allow recovery of the RIB would be double dipping."

The Workers' Compensation Board (Board) upheld the ALJ's dismissal of the claim. The Court of Appeals affirmed the decision of the Board.

Because retraining incentive benefits are not the same as income disability benefits,

claimant maintains that it is not double recovery for him to receive RIB due to his subsequent exposure after the enactment of the new Act. Claimant insists that he is not seeking the same benefit twice but that he is seeking a distinct and different type of compensation from that previously awarded.

■ Claimant is correct that had he suffered a distinct injury, he may have qualified for income disability benefits under KRS 342.730, medical benefits under KRS 342.020, and rehabilitation benefits under KRS 342.710. This is the very essence of the conclusions reached below. Claimant did not suffer a distinct injury, nor did he prove a progression of the disease sufficient to permit subsequent recovery. There must be a causal connection between the employment and the occupational disease. KRS 342.0011(3); *see also, National Mines Corp. v. Pitts*, Ky., 806 S.W.2d 636 (1991).

■ Although RIB may be a distinct type of compensation benefit, *see, Stephens v. Denairo Mining Co.*, Ky., 833 S.W.2d 383 (1992); *Peabody Coal Co. v. Hicks*, Ky., 824 S.W.2d 411 (1992); *Eastern Coal Corp. v. Blankenship*, Ky., 813 S.W.2d 808 (1991), there is no proof, or even allegation, that claimant's pneumoconiosis was attributable to his work at Sunstone. The fact of the matter is that at the time claimant filed his original application, RIB did not exist, and he was compensated via the approved settlement agreement according to the provisions of the Act applicable at that time. Without showing a worsening of condition while working for the subsequent employer, there is simply no basis for imposing liability on Sunstone. A legislative enactment does not automatically entitle a previously compensated worker to the provisions of the new legislation, whether that involves new and distinct benefits or not. *Cf., Stovall v. Stumbo*, Ky. App., 676 S.W.2d 468 (1984).

■ The Court of Appeals pointed out that KRS 342.197(2)(a) prohibits employment discrimination against workers with category 1 pneumoconiosis and no respiratory impairment (RIB candidates). An employer who refuses to hire such a worker may be enjoined and is liable for damages, costs, and attorney's fees. KRS 342.197(3). Therefore, if an employer discriminated against potential employees who had received a disability award but not RIB from a former employer, the subsequent employer would be penalized. If claimant's position was adopted, employers would be placed in a "catch 22" situation for they would be forced to hire the worker and then pay RIB for a claim adjudicated before the subsequent employment. We agree with the Court of Appeals and the *National Mines Corp.* decision that the Act does not compel such a result.

Claimant complains that the Court of Appeals' policy statement fails to weigh any considerations favoring the worker. For example, claimant argues that making RIB accessible to those in claimant's position will encourage them to retrain and leave the industry. Claimant urges that he intends to do just that with RIB. For claimants in this position, we are aware of nothing which would have prohibited them from using their previous award for retraining purposes, or conversely, we are unaware of anything forcing a claimant to use retraining incentive benefits for that purpose, even though so delineated. After weighing claimant's policy considerations, we remain convinced that the Court of Appeals reached the proper conclusion.

The decision of the Court of Appeals is affirmed.

All concur.