FIRST PROPERTY MANAGEMENT
CORPORATION, Movant

v.

G. Hossein ZAREBIDAKI, Respondent.

No. 92–SC–1018–DG.

Supreme Court of Kentucky.

Oct. 28, 1993.

Rehearing Denied Jan. 31, 1994.

Jeffrey K. Ross, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, George C. Piper, Barbara J. Bowers, Johann F. Herklotz, Piper, Wellman & Bowers, Lexington, for movant.

Shirley Allen Cunningham, Jr., Gerry L. Harris, Lexington, for respondent.

LEIBSON, Justice.

■ In this case, an at-will employee ("Zarebidaki") charges he was wrongfully discharged because he intended to pursue workers' compensation benefits. The jury found for the employer, First Property Management Corporation ("First Property"). We are called upon to address the task of defining proper instructions for stating the causation issue in such cases. For reasons to be stated, we hold this issue should be framed in terms of whether the lawfully impermissible reason for discharge "was a substantial and motivating factor but for which the employee would not have been discharged."

■ Since here the jury was instructed in somewhat different terms, the principal question on appeal is whether the instructions as given constituted reversible error. We require judges to perform their tasks with a modicum of foresight, but hindsight is not the test on review. The question here is whether the instruction on liability as given was misleading, and, if so, whether the appealing party sufficiently preserved the right to complain by the process of tendering appropriate instructions and making sufficient contemporaneous objection.

The Court of Appeals held the instruction as given was prejudicially erroneous and reversed and remanded specifying a new instruction upon which the case should be tried. We disagree, and reverse the Court of Appeals and reinstate the trial court's judgment.

The employee, G. Hossein Zarebidaki, was hired during December 1983 as an at-will employee in the security department of the Turfland Mall in Lexington, Kentucky. By October 1987 Zarebidaki had been promoted to Mall Operations Manager. On October 28, 1988, Zarebidaki sustained a work-related back injury for which he pursued and received workers' compensation benefits, including total temporary disability and payment of medical expenses. He was released by his physician for light duty work in early December 1988, and discharged shortly thereafter.

Zarebidaki's evidence was that he was subjected to harassment, coercion and discrimination by way of a demotion, and then discharged, all because he was pursuing a workers' compensation claim. First Property's evidence was that Zarebidaki's attitude deteriorated following refusal to promote him to the recently vacated position of Energy Plant Manager in June 1988, and that after his injury in October and return in December he ignored instructions to perform only light duty, attended work only sporadically, and, ultimately, when he was reassigned because of his current condition and job performance, engaged in an intolerably insubordinate hysterical outburst.

The trial court's jury instructions presented the liability issue as follows:

*"INSTRUCTION NO. 1*

Under the law of Kentucky, the Plaintiff, G. Hossein Zarebidaki, was an employee at-will. In other words, his employment could be terminated by his employer at any time with or without cause. However, an employer cannot discharge an employee for filing and pursuing a lawful worker's compensation claim.

Do you believe from the evidence that the Plaintiff, G. Hossein Zarebidaki, was discharged because he intended to file and pursue a lawful worker's compensation claim?"

The jury answered this question "NO," thus holding for the employer. The employee claims this instruction is fatally flawed because it states the issue in "because of" language rather than "substantial factor" language. Further, the employee claims this issue was properly preserved by his pro-

posed instructions and objections to the trial court during conference before the instructions were submitted to the jury.

The "Plaintiff's Proposed Instructions to Jury" did not use "substantial factor" language. The instruction at issue states:

*"INSTRUCTION NO. 1.*

You will find for plaintiff if you are satisfied from the evidence that defendant's reason for terminating plaintiff's employment was that he had filed a worker's compensation claim against defendant. Otherwise, you will find for defendant."

■ Nevertheless, based on the argument in chambers, the Court of Appeals was satisfied that the employee's claim of error was sufficiently preserved to comply with CR 51(3). We consider the preservation issue a judgment call, and we will not second-guess the Court of Appeals on this issue even though the plaintiff's proposed instruction (*supra*) was a poor vehicle upon which to expect the trial judge to arrive at the instruction advocated on appeal. More importantly, neither the proposed instructions nor comments in chambers provide any frame of reference for the instruction ultimately mandated by the Court of Appeals, which ordered retrial under an instruction "requiring the fact-finder to find that retaliation was the *primary motivating factor*." (Emphasis original). Indeed, while we agree with that portion of the Court of Appeals' Opinion opining "the employee's burden of proof" requires neither "an irreproachable employment record" or satisfying the jury "the workers' compensation claim must be the sole reason for the termination," we do not agree that *"primary motivating factor"* defines the issue correctly, or any better than the language of the trial court's instruction.

Further, the trial court specifically rejected "sole" cause language: it did so by rejecting the employer's tendered instruction to this effect and in the colloquy in chambers. The employer urged the trial court to ask the jury whether it believed Zarebidaki "was discharged solely because he intended to file and pursue a lawful worker's compensation claim." The instruction as given rejects "solely" as the criterion.

*Meyers v. Chapman Printing Co., Inc.,* Ky., 840 S.W.2d 814 (1992), decides a similar issue. In a claim for gender-based wrongful discharge in violation of the Kentucky Civil Rights Act, (KRS 344.010 et seq.) the employee objected to "but for" language in the trial court's instruction, "asking it be rephrased to state 'that her female sex was a substantial and motivating factor in her termination.'" *Id.* at 824. We stated:

"The 'but for' test does not require that the jury find sex discrimination was the exclusive motive for the employee's discharge, but only that it was an essential ingredient. In a civil action seeking damages for a discharge motivated by sex discrimination, a 'but for' test is a fair interpretation of the substantial factor standard." *Id.* at 824.

We discern no critical distinction between the way the term "but for" was used in *Meyers* and the term "because of" is used in the present case. In *Meyers* we stated "[t]he 'but for' test does not require that the jury find sex discrimination was the exclusive motive for the employee's discharge, but only that it was an essential ingredient." *Id.* We see no reason for deciding differently when the term used is "because of."

*Meyers v. Chapman Printing* relied in part on *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) and the "because of" language found in both Title VII of the Federal Civil Rights Act and KRS 344.040 of the Kentucky Civil Rights Act. *Meyers* states, at p. 823:

"The *Price Waterhouse* decision states in pertinent part, 'we know that the words "because of" do not mean "*solely* because of."' 490 U.S. at 241, 109 S.Ct. at 1785. The 'but for' language [used in the trial court's instructions in *Meyers*] does not translate to 'solely because of.' It only mandates that sex discrimination be a contributing and essential factor."

*A fortiori,* if "but for" does not translate to "solely because of," surely the same can be said for "because of."

■ We recognize that in 1991 the Federal Civil Rights Act was amended to make it clear, if it wasn't already, that the plaintiff need only show that one of the grounds for discharge declared unlawful by the Federal Civil Rights Act was "a motivating factor," 42 U.S.C. § 2000e–2(m), which may (or may not) mean something different than the standard stated by the U.S. Supreme Court in *Price Waterhouse* and by our Court in *Meyers*. Thus, in cases under the Federal Civil Rights Act, if so-called "mixed motives" are involved, the plaintiff has only the burden of showing an "unlawful employment practice ... was a motivating factor," 42 U.S.C. § 2000e–2(m), whereupon the burden of proof shifts to the defendant to avoid liability by showing that the same employment decision would have been made "in the absence of the impermissible motivating factor." 42 U.S.C. § 2000e–5(g)(2)(B). This addresses the reasons underlying the amendment to Title VII to further articulate a cause of action "even though other factors also motivated the ['unlawful employment'] practice." 42 U.S.C. § 2000e–2(m). These are rules for federal cases tried in equity and without a jury. But cases under the Kentucky Civil Rights Act are claims at law in Kentucky. In such cases, the burden of coming forward with evidence may shift, while the burden of persuasion remains with the plaintiff, and we must fashion an instruction suited to the task. *Meyers*, 840 S.W.2d at 824. We agree that the employer is not free from liability simply because he offers proof he would have discharged the employee anyway, even absent the lawfully impermissible reason, so long as the jury believes the impermissible reason did in fact contribute to the discharge as one of the substantial motivating factors. We believe the instruction we have fashioned sufficiently accommodates this concept.

■ Strictly speaking, this case is not governed by any Civil Rights Act, state or federal. We are engaged in interpreting and applying the statutory language found in KRS 342.197 which covers discrimination against employees who have filed workers' compensation claims. We consider *Meyers* as a sound application of state law in present circumstances. KRS 342.197(1) states in pertinent part that "[n]o employee shall be ... discharged ... for filing and pursuing a lawful claim under this chapter." We agree with Zarebidaki that this language should not be construed as requiring the employee to prove he was discharged "solely" because he filed or pursued a lawful claim for workers' compensation; if the lawfully impermissible reason was a substantial and motivating factor, the claim is valid. This is the substantial equivalent of the "substantial factor" standard used in other tort litigation, common law or statutory. We believe that this burden can be defined more precisely if the instructions require proof that the workers' compensation claim was "a substantial and motivating factor but for which the employee would not have been discharged." We hold the issue should be so stated in future cases. But failure to use this precise language in the present case is not outcome determinative. While we agree with the employee that "solely because of" would define the issue improperly, we do not agree that "because of" conveys the same meaning. Obviously the trial court did not so intend, because it *rejected* the employer's tendered instruction requiring the jury to believe the plaintiff "was discharged solely because he intended to file and pursue a lawful worker's compensation claim," thus omitting "solely" from the criteria. There was nothing in the trial court's instructions, nor in any ruling by the trial court, preventing Zarebidaki's counsel from pointing out in closing argument that the instructions did not require sole cause. As we stated in *Meyers*, the issue is not whether the issue could have been better stated, "but whether it is fair to state the instructions misstate this proposition." 840 S.W.2d at 823. We conclude here, as we did in *Meyers*, that the instruction was not prejudicially erroneous.

■ While the Court of Appeals' decision benefited this particular employee (Zarebidaki) by reversing the adverse judgment and granting him a new trial, it places a burden on employees in the trial of cases such as this greater than the law requires, and greater than we believe the trial court intended or expressed by its instructions. It is *not* necessary for a plaintiff in such cases to prove "that retaliation was the *primary motivating*

*factor"* any more than it is necessary to prove that it is the sole motivating factor. The employee carries his burden by proving that retaliation for filing or pursuing a workers' compensation claim was a substantial motivating factor in causing his discharge.

█ Further, we do not construe the introductory paragraph of the trial court's "INSTRUCTION NO. 1" as violating the principle that jury instructions should not comment on the evidence. On the contrary, we view it as prefatory, neutral in nature, and valuable in providing a framework for the issue about to be defined in the next paragraph on the instructions. A similar prefatory paragraph was part of the instructions in *Overnite Transp. Co. v. Gaddis,* Ky.App., 793 S.W.2d 129, 132 (1990):

> "In this case the Defendant, Overnite Transportation Co., had the right to discharge any employee, including the Plaintiff, Michael Gaddis, for any cause, or even no cause. An employee, including the Plaintiff, who is injured on the job, has a right to apply for and pursue Workers Compensation benefits. Thus an employer, including the Defendant, may not discharge an employee, including the plaintiff, because the employee is pursuing a Workers Compensation claim."

The Court of Appeals affirmed the instructions as given. While the paragraph used in the instructions in the *Overnite Transp. Co.* case may be more articulate, it is substantially similar to and no more correct than the instruction given in this case.

█ Finally, we agree with the Court of Appeals that the language of KRS 342.197 was not intended to require "a formal claim" before the employee receives the protection of KRS 342.197, albeit the statutory language specifies "filing and pursuing a lawful [workers' compensation] claim."

As the Court of Appeals stated:

"[A] literal construction of the statute is not in conformity with the statute's purpose or the legislature's intent to protect employees from acts by their employers intended to prevent such employees from exercising their rights under the Workers' Compensation Act. The protection afford-

ed by the statute should not be denied by a technical, narrow or strict interpretation of its provisions." *Id.* at 132.

Thus the language of the present instruction framing the issue as whether the employee "intended to file and pursue a lawful worker's compensation claim" was appropriate.

For the reasons stated, the decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur.