**Henry Clay (H.C.) HELTON and Ronald W. May, Administrative Law Judge, Appellants,**

v.

**CANADA MOUNTAIN COAL AUGERING, INC.; Security Insurance Company of Hartford; Vicki G. Newberg, Acting Director of Special Fund; and Workers' Compensation Board, Appellees.**

No. 94–SC–619–WC.

Supreme Court of Kentucky.

Feb. 16, 1995.

Mark L. Ford, Harlan, for appellant Helton.

Bonnie Jo Hoskins, Stoll, Keenon & Park, Lexington, for appellees Canada Mountain Coal Augering, Inc. and Sec. Ins. Co. of Hartford.

Judith K. Bartholomew, Labor Cabinet— Sp. Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

This case concerns whether a worker who received a 30% permanent, partial, occupational disability benefit for coal workers' pneumoconiosis under the pre–1987 Workers' Compensation Act (Act) and who had returned to work in the mining industry before the 1987 amendments were enacted was then entitled to receive a Retraining Incentive Benefit (RIB).

On July 22, 1974, claimant was found to be 100% occupationally disabled due to coal workers' pneumoconiosis. Subsequently, he returned to work, and, pursuant to a reopening of the claim, the award was reduced to one for 30% permanent, partial, occupational disability, effective June 13, 1978. Claimant notes that he was working in the mining industry when the 1987 amendments to the Act became effective and that he had worked for at least two other employers between that time and his employment by the employer herein. By the time he began the latest employment, in March, 1991, the period over which the 30% disability award was paid had expired. Claimant worked for the instant employer until January, 1992, after which he filed a claim for pneumoconiosis benefits on May 19, 1992.

The Administrative Law Judge (ALJ) determined that claimant's chest x-rays indicated category 1 disease. Claimant's highest reported spirometric values established that he was entitled to a RIB, at most. The ALJ noted that, because the intended purpose of the RIB was to permit the nondisabled coal miner to leave the industry before he developed a disability, it was logical that the same purpose would be served by permitting a partially disabled miner to leave the industry before his disability increased. Therefore, the ALJ determined that claimant's prior receipt of a 30% permanent, partial, occupational disability benefit did not preclude the award of a RIB. The employer's petition for reconsideration was overruled.

The Workers' Compensation Board (Board) reversed the ALJ, citing *Moore v. Sunstone Energy, Inc.*, Ky., 849 S.W.2d 529 (1993). The Board noted that, according to *Moore*, where an injured worker has already been compensated, the worker is not automatically entitled to the benefits of a subsequent legislative enactment for the same condition unless the worker has shown a new and distinct injury or a progression of the disease sufficient to permit a subsequent recovery. Because claimant currently demonstrated category 1 disease without a respiratory impairment, the Board concluded that it was impossible to determine that his occupational disease had significantly progressed since the prior award. Therefore, he was entitled to no further benefit.

The Court of Appeals affirmed, adopting the opinion of the Board, and we affirm.

Shortly after the decision in *Moore* this Court considered *McCoy Elkhorn Coal Corp. v. Sullivan*, Ky., 862 S.W.2d 891 (1993). The issues involved in *Sullivan* were different from those presented herein; however, in that case we discussed the nature of the RIB. We noted that, despite the difference in its title, the RIB is not an entirely separate benefit but is part of an ascending scheme of benefits for workers with ascending levels of proved respiratory impairment or disease category due to coal workers' pneumoconiosis. Under this scheme, the worker's occu-

pational disability is presumed to increase as a function of demonstrated respiratory impairment, and the allowable benefit is increased accordingly. A worker with demonstrated spirometric values of at least 80% of the predicted normal values, is not presumed to be occupationally disabled and is entitled only to a RIB, the lowest level of benefit awarded. Where a worker has been awarded a RIB and subsequently is entitled to receive a higher level of benefits pursuant to a different section of KRS 342.732, the subsequent award of income benefits is reduced by the amount of the RIB which has been received. KRS 342.125(2)(b). In other words, a worker may not receive both a RIB benefit and the full income benefit for which he would otherwise be entitled by virtue of his occupational disability.

Claimant argues that this case is significantly distinguishable from *Moore*, upon which the Board relied in ruling against the claim. He emphasizes that he was working in the mining industry when the 1987 amendments were enacted, that the entire 30% award had been paid before that time, and that there was some evidence that he had a respiratory impairment, thereby making him ineligible for the protection of KRS 342.197(2)(a). This argument ignores the significance of the fact that claimant was awarded and received the benefit for a 30% permanent, partial, occupational disability. The benefit, although limited in duration, permanently compensated claimant for that 30% occupational disability to the extent the law allowed. Therefore, the fact that the entire benefit had been paid before the latest employment commenced did not somehow entitle him to additional compensation without proof of an increase in his occupational disability. Likewise, we fail to see why the fact that claimant was employed in the mining industry at the time the 1987 amendments were enacted, and the worker in *Moore* was not, should have any bearing on the outcome. Both were awarded benefits for coal workers' pneumoconiosis under the pre–1987 law; both worked in the industry after the 1987 amendments were enacted; both sought a RIB. Furthermore, because we do not believe that the availability of protection from employment discrimination is dispositive of the issues present herein, we will refrain from determining whether or not KRS 342.197(2)(a) would have protected claimant simply because there was some medical evidence that he demonstrated a respiratory impairment.

Claimant argues that if the decision in *Moore* is interpreted as requiring all miners who were diagnosed with category 1 disease before the effective date of the 1987 amendments to show a worsening of condition before they can benefit from the amendments, all such miners would be barred from receiving a RIB. He argues that precluding these workers from receiving a benefit which encourages them to leave the industry would be contrary to the purpose of the provision. However, he ignores the fact that, just as nothing required the use of a RIB for retraining at the time the instant claim was filed, nothing prevented claimant or any other miner who was awarded a permanent, partial disability under the pre–1987 law from using the benefit for that purpose.

Under the circumstances presented, in order for claimant to reopen his pneumoconiosis claim and be awarded additional benefits, he was required to demonstrate an increase in his occupational disability due to the condition. KRS 342.125. As noted by the Board, claimant has demonstrated no such increase. In view of the foregoing and in the absence of any explicit statutory provision which would so authorize, we find no basis to conclude that a worker who has received a permanent, partial disability benefit for pneumoconiosis may later be awarded a RIB.

The decision of the Court of Appeals is hereby affirmed.

All concur.