James C. DANIELS, Plaintiff,

v.

R.E. MICHEL CO., INC., Defendant.

Civil Action No. 95–339.

United States District Court, E.D. Kentucky.

Oct. 25, 1996.

Joseph R. Lane, Pillersdorf, DeRossett & Barrett, Prestonsburg, KY, for plaintiff.

James E. Cleveland, III, Huddleston, Bolen, Beatty, Porter & Copen, Ashland, KY, for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon the motion of the defendant R.E. Michel Co., Inc., for summary judgment and the motion of the plaintiff James C. Daniels for partial summary judgment. [Record Nos. 21, 22]. Being fully briefed, these motions are ripe for consideration.

### FACTUAL BACKGROUND

The facts giving rise to this action are largely undisputed. In August of 1994, Daniels was employed by R.E. Michel at its facility in Ivel. In the course and scope of his employment, he sustained a work-related injury on August 9. As a consequence of this injury, Daniels was temporarily totally disabled for a period of approximately four months until, on December 9, his physician released him for "trial light duty." R.E. Michel paid temporary total disability benefits until November 2.

During Daniels' absence, R.E. Michel found it necessary to hire someone to perform Daniels' job. In accordance with its personnel policy, a replacement worker was hired sometime in October. On October 18, Daniels was formally terminated from his position. The formal notification, signed by the manager of the Ivel facility, Tommy Taulbee, indicates the following: the last day Daniels worked was August 9; the reason for termination was Code number 1816, Disability—Job Related; and as a further explanation for the termination the notice states, "Had to hire someone to assume duties, could not wait any longer." [Exhibit A, Record No. 21].

Sometime in 1994 or early 1995, Daniels returned to the facility with his doctor's excuse. He was then told by Taulbee that he had been terminated. Taulbee provided Daniels with an employment application, but the application was not received until May 31, 1995.

On September 13, 1995, Daniels filed a complaint related to his termination in the Floyd Circuit Court. Daniels' sole claim is that "[t]he termination ... is a per se violation of KRS 342.197(1)." [Exhibit A, page 3, ¶ 10, Record No. 1]. On October 10, R.E. Michels removed the action to this Court based on diversity jurisdiction.

## DISCUSSION

In justifying the actions that it took, R.E. Michel relies on its personnel policy as set forth in the Employee Handbook. The relevant policy essentially provides that if an employee is absent for more than one month due to an accident, that employee must reapply to return to work with R.E. Michel. In full, the provision states:

RETURN TO WORK AFTER AN EXTENDED ABSENCE

Whenever an employee has been absent from the Company for more than one month, due to illness, accident, military service or any other reason, that individual must reapply to return to the Company. The reason for this is simply that the Company may have had to hire someone to assume the duties of the absent employee, and therefore may no longer have a position open. Certainly every effort will be made to rearrange existing personnel to take back the employee who gives notice that he or she would like to return to work, but the Company is under no obligation to rehire anyone who has been off the job for an extended period of time.

[Record No. 23, page 2].

The parties apparently do not dispute the applicability of this provision to the matter at hand. Daniels had been absent from the Company due to his accident. He had been absent for a period of more than one month when he was terminated. When he spoke with Taulbee about getting his job back he was given an application to reapply. Rather, the parties contest the consistency of this policy with KRS 342.197(1).

KRS 342.197(1) prohibits any sort of discriminatory action by an employer against an employee for filing a claim for workers' compensation. In part, the statute provides:

(1) No employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter.

KRS 342.197. To make out a claim for retaliation, an employee "must prove that the workers' compensation claim was a 'substantial and motivating factor but for which the employee would not have been discharged.'" *Southerland v. Hardaway Management, Inc.*, 41 F.3d 250, 256 (6th Cir.1994) (citing *First Property Management Corp. v. Zarebidaki*, 867 S.W.2d 185, 188 (Ky.1994)). Although not relevant to this matter, no formal claim need be filed in order for the protections afforded against retaliation to apply. *Zarebidaki*, 867 S.W.2d at 189.

As explained by the Kentucky Court of Appeals in *Overnite Transportation Co. v. Gaddis*, 793 S.W.2d 129 (Ky.App.1990), "the legislature's purpose in enacting KRS § 342.197 was to protect persons who were entitled to benefits under the workers' compensation laws and to prevent them from being discharged for taking steps to collect such benefits." The statute does not require

that an employer keep a job open indefinitely until the employee is able to return to work. It does not create a sort of open-ended job security. Rather, it prohibits discrimination in retaliation for pursuing a workers' compensation claim. The pursuit of such claim, as opposed to the condition of the employee, must be a "substantial motivating factor but for" in the chain of causation.

■ Having examined the arguments of counsel and the case law cited therein,[1] the Court is persuaded that the R.E. Michel policy is not a per se violation of KRS 342.197(1) because it does not turn on the pursuit of a claim. Daniels' argument is founded on his situation as he sees it. He claims that the policy put him in the position of facing an impermissible choice having to "choose between continuing to receive temporary total disability benefits or lose his job." Put another way, Daniels takes issue with the fact that under the policy he had to return to work within 30 days and thereby renounce his right to benefits.

Daniels' argument misses the mark. The policy does not turn on an employee pursuing workers' compensation benefits; it does not force the employee to choose between benefits and his job. Instead, the policy turns on the condition of the worker, a **neutral** factor over which the employee has little, if any, control. If the worker is not in a condition to return to work within the one month period, the policy allows the company to heed the demands of the workplace and replace that employee. It is the condition of the worker, not his or her choice as to pursuing benefits, which is dispositive. That the worker may also be pursuing a workers' compensation claim is incidental. In brief, the policy does not operate on the causal connection prohibited by KRS 342.197(1).

The conclusion that the policy is not a per se violation does not end our inquiry. There still remains the question of whether sufficient evidence of discrimination or retaliation exists to submit this matter to a jury. Although the Court is unable to locate any Kentucky cases which incorporate the *McDonnell Douglas* shifting burdens model

commonly used in federal employment discrimination and retaliation cases (and Kentucky civil rights cases under KRS 344) in actions for retaliation for workers' compensation claims, this model is instructive in assessing the evidence presented here.

■ Daniels has the burden of coming forward with evidence to establish the he was discharged in retaliation for pursuing his workers' compensation claim. *Zarebidaki*, 867 S.W.2d at 188. This burden is met by "proving that retaliation for filing or pursuing a workers' compensation claim was a substantial motivating factor in causing his discharge." *Id.* at 189.

■ Daniels has not pointed to any evidence which would support his prima facie claim. First, the termination form itself stated that Daniels was being terminated due to a job related disability. Nothing is said regarding Daniels' pursuit of his workers' compensation claim. In fact, the comments section indicates that the reason for discharge was that Daniels had been absent for over one month and that R.E. Michels could not wait any longer to fill his position. This evidence dovetails with the nondiscriminatory explanation offered, to wit, the absence policy.

Second, that the conversation between Taulbee and Sheryl Atkinson of the human resources department may "possibly" have touched upon Daniels' workers' compensation status does not establish an inference of discrimination. Indeed, a closer examination of the gist of this conversation, according to Atkinson, reveals that "Tom was concerned because Mr. Daniels had been out for quite a long period of time and he was feeling that he needed someone in there to do the job that Mr. Daniels had been doing prior to his injury." Thus it seems apparent that the real concern was with Daniels' absence and the policy.

Even assuming that Daniels has somehow established a prima facie case, he has not offered any evidence to rebut R.E. Michel's reliance on the policy as a neutral nondiscriminatory explanation for the termination. Thus, the policy serves as a separate and

1. Counsel is directed to Local Rule 7(e).

independent basis upon which R.E. Michels is entitled to summary judgment.

## CONCLUSION

Given that the return to work after absence policy of R.E. Michels turns not on whether an employee is pursuing a workers' compensation claim but rather on absence for any reason, the necessary causal nexus required by KRS 342.197(1) is not violated per se.

Daniels has offered no evidence to establish an inference of discriminatory animus on the part of R.E. Michels in terminating his employment. Indeed, the evidence in the record repeatedly points to the absence policy as the nondiscriminatory reason for termination. Daniels has been unable to turn this tide of evidence thereby dooming his claim.

Accordingly,

**IT IS ORDERED:**

(1) That the motion of the plaintiff James C. Daniels for partial summary judgment [Record No. 22] be, and the same hereby is, **DENIED;**

(2) That the motion of the defendant R.E. Michels Co., Inc., for summary judgment [Record No. 21] be, and the same hereby is, **GRANTED;**

(3) That this matter be, and the same hereby is, **DISMISSED WITH PREJUDICE and STRICKEN FROM THE ACTIVE DOCKET.**

This is a final and appealable Order and there is no just cause for delay.