Larry R. DAVIS, Plaintiff–Appellant,

v.

CARMELITE SISTERS OF THE DI-VINE HEART OF JESUS, OF MIS-SOURI, INC., Defendant–Appellee.

No. 03–6402.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Kenneth R. Haggard, Hopkinsville, KY, for Plaintiff–Appellant.

R. Michael Sullivan, Ronald M. Sullivan, Sullivan, Mountjoy, Stainback & Miller, Owensboro, KY, for Defendant–Appellee.

Before NORRIS and DAUGHTREY, Circuit Judges; OLIVER, District Judge.*

*ORDER*

Larry R. Davis, a Kentucky resident proceeding through counsel, appeals a district court's judgment in a civil diversity action. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Davis filed a wrongful discharge suit in state court against his former employer, Carmelite Sisters of the Divine Heart of Jesus, of Missouri, Inc. ("Carmelite Sisters"). Davis was previously employed as the director of nursing at Carmel Home, a nursing home run by Carmelite Sisters. In his complaint, he asserted that: 1) he had been discharged in retaliation for filing a worker's compensation claim; and 2) he was discriminated against because of the

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

disability resulting from his injury. Carmelite Sisters removed the action to federal court and moved for summary judgment. Upon consideration, the district court granted the motion and dismissed the action.

In his timely appeal, Davis reasserts that he was discharged in retaliation for filing a worker's compensation claim, in violation of Ky.Rev.Stat. § 342.197.

As an initial matter, we decline to address Davis's disability discrimination claim because he has abandoned it on appeal. *See Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996).

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendant. *See* Fed.R.Civ.P. 56(c); *DiCarlo v. Potter*, 358 F.3d 408, 414 (6th Cir.2004).

To support his claim, Davis relied on the chronology of events. Davis began working at Carmel Home on May 14, 2001. On August 9, 2001, Davis slipped on a wet floor at the nursing home and sustained a cervical strain, herniated disc, and concussion. During the first month or so after Davis's injury, the administrator of the nursing home, Sister Mary Dudzinski ("Dudzinski"), called him four times to inquire about his condition. However, after she learned that Davis was going to have an MRI, Dudzinski stopped calling and instructed the business manager, Sheridan Ashley, not to call. By a letter dated September 27, 2001, Dudzinski discharged Davis from his position. Davis stated that he had never been written up or counseled about his job performance before his discharge.

Carmelite Sisters met its burden of showing an absence of evidence that Davis's worker's compensation claim was a substantial and motivating factor in his discharge. *See Henderson v. Ardco, Inc.*, 247 F.3d 645, 654 (6th Cir.2001); *Willoughby v. GenCorp, Inc.*, 809 S.W.2d 858, 861 (Ky.Ct.App.1990). Chronology alone does not constitute proof of a causal connection, and Dudzinski had a legitimate, non-discriminatory reason for discharging Davis—poor work performance. *See Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 99 (Ky.Ct.App.2000); *see also Daniels v. R.E. Michel Co.*, 941 F.Supp. 629, 632 (E.D.Ky. 1996). At the time of his injury, Davis was still in a 90–day probationary period as a new employee and was due for an evaluation. Dudzinski prepared the evaluation of Davis on August 5, 2001, noting that Davis lacked follow through with staff, was frequently on break and off-site, lacked knowledge of policies, and did not provide adequate answers to questions from the staff. When Dudzinski prepared the evaluation, she was "ninety-nine percent certain" that she was going to fire Davis. She became fully certain during an unpleasant phone conversation with Davis shortly before his accident when they were discussing his violation of the non-smoking policy. Although Dudzinski wanted to complete the evaluation form in the presence of Davis pursuant to Carmel Home policy, she was not able to do so before the accident. Once she realized that Davis would not be back soon, she contacted an attorney to determine how to do the discharge. She then added the language of termination to the evaluation form and sent Davis a letter of discharge. Affidavits from other Carmel Home employees confirm Dudzinski's dissatisfaction with Davis and the existence of work-performance issues.

Davis failed to present significant probative evidence to defeat the defendant's motion for summary judgment. Instead, Davis speculated, without evidentiary support, that Dudzinski contacted an attorney to arrange a cover-up for the discharge. Davis also noted that his evaluation did not contain any "unsatisfactory" ratings (Dudzinski instead wrote "needs improvement")

and that Dudzinski could have driven an hour to his home to do an in-person exit interview. Last, Davis pointed to minor factual discrepancies such as whether he had been counseled about poor work performance, whether Dudzinski had informed more than one person that she was considering discharging Davis, and whether the staff thought he had treated the nursing home residents compassionately. Davis's arguments fail to show that he was discharged because of his worker's compensation claim. Unfounded accusations, disagreements as to business practices, and minor evidentiary discrepancies are simply insufficient to create a genuine issue of material fact.

Accordingly, the district court's judgment is affirmed.