Jimmy **HOWARD** and Dick Adams, Attorney Appellants,

v.

**PEABODY COAL COMPANY; Hon. J. Landon Overfield, Administrative Law Judge; Hon. Christopher H. Smith; and Workers' Compensation Board, Appellees.**

No. 2005–SC–0327–WC.

Supreme Court of Kentucky.

Feb. 23, 2006.

Dick Adams, Adams, Ramey & Burns, Madisonville, Counsel for Appellants.

Peter J. Glauber, Boehl, Stopher & Graves, LLP, Louisville, Counsel for Appellee, Peabody Coal Company.

Robert L. Whittaker, Kentucky Labor Department, Frankfort, Counsel for Appellee, Kentucky Labor Department.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) denied the claimant's attorney a fee for services rendered in obtaining a Retraining Incentive Benefits (RIB) award on the ground that that 803 KAR 25:125 did not authorize an attorney fee until such time as the claimant received payments under the award pursuant to KRS 342.732(1)(a)2 or 3. The Workers' Compensation Board and the Court of Appeals affirmed. This appeal by the claimant's attorney asserts that 803 KAR 25:125 violates public policy by discouraging attorneys from taking RIB cases and also that it violates the equal protection clause of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution by unfairly discriminating against attorneys who represent injured workers. We affirm.

The claimant was born in 1952. He testified that he earned a high school diploma in 1970, after which he spent his entire work history in underground coal mining. His last exposure to coal dust occurred on December 6, 2002, when he was laid off. The record indicates that he entered into a subsequent contract with counsel for representation on a workers' compensation claim. He and counsel agreed that any attorney's fee would be paid in a lump sum and deducted from his weekly benefits until the defendants recouped the amount of the fee, that the fee "shall be paid by the employee from the proceeds of the Award [sic] or settlement," and that "If there is no recovery of past or future benefits, there shall be no attorney's fee payable . . . ."

Based on x-ray reports from his medical experts, an ALJ determined that he suffered from category 1 coal workers' pneumoconiosis and that there was no evidence of pulmonary impairment. In addition to all other benefits payable under KRS 342.732(1)(a), the claimant received a RIB award, in the amount of $103.25 per week, for a period not to exceed 104 weeks, provided that he was "enrolled and actively and successfully participating" as a student in compliance with KRS 342.732(1)(a)2 or 3. No appeal was taken from the decision.

It is undisputed that the claimant was not enrolled or participating as a student at the time of his award or the subsequent motion requesting an attorney's fee. In denying the motion, the ALJ explained that counsel was not entitled to a fee under 803 KAR 25:125 until such time as the claimant enrolled in a bona fide training or GED program and received payments un-

der the award. Shortly after the motion was denied, the claimant filed a "Notice of Deferral" in which he stated that he suffered from an illness unrelated to his pneumoconiosis and elected to defer the commencement of his award for a period of 365 days.

Counsel asserts that 803 KAR 25:125 unlawfully discriminates against plaintiffs' attorneys, that there is no substantial and justifiable reason for the classifications it creates, and that it is not rationally related to a legitimate state interest. He argues that although the regulation permits an employer's attorney to receive a fee without regard to the outcome, it requires the worker's attorney fee to be contingent not only on obtaining an award for the client but also on the client's subsequent enrollment and participation as a student if the client is less than 57 years old. Counsel acknowledges that discrepancies in the financial resources of workers and employers provide a rational basis for KRS 342.320 to require the fee of a worker's attorney to be contingent on obtaining a RIB award for the client. His complaint is that 803 KAR 25:125 exceeds the scope of KRS 342.320 by also requiring the attorney's fee to be contingent on the worker's subsequent enrollment and participation as a student. He asserts that this violates equal protection by discriminating against attorneys who represent workers in RIB claims. He also asserts that it violates the public policy embodied in Chapter 342 and, more specifically, in KRS 342.732(1)(a) by discouraging attorneys from undertaking such representation. He concludes that KRS 342.320(2)(a) should govern the payment of attorney fees in RIB claims and that it entitles him to a fee.[1]

KRS 342.732(1)(a)1 provides criteria for awarding a RIB. Relevant presently are KRS 342.732(1)(a)2 and 3, which provide criteria for paying benefits under the award.[2] As amended effective July 15, 2002, they provide as follows:

2. Except as provided in subparagraph 3. of this paragraph, these benefits shall be paid only while the employee is enrolled and actively and successfully participating as a full-time student taking the equivalent of twelve (12) or more credit hours per week in a bona fide training or education program that if successfully completed will qualify the person completing the course for a trade, occupation, or profession and which program can be completed within the period benefits are payable under this subsection. The program must be approved under administrative regulations to be promulgated by the executive director. These benefits shall also be paid to an employee who is a part-time student taking not less than the equivalent of six (6) nor more than eleven (11) credit hours per week, except that benefits shall be an amount equal to thirty-three and one-third percent (33–1/3%) of the employee's average weekly wage as determined by KRS 342.740, but not more than thirty-seven and one-half percent (37–1/2%) of the state average weekly wage, payable biweekly for a period not to exceed two hundred eight (208) weeks.

1. In another argument, counsel asserts that the ALJ miscalculated the amount of the claimant's award. This appeal was not taken from the award but from the decision in a post-award motion for an attorney fee; therefore, questions regarding the amount of the award are not properly before the court.

2. KRS 342.732(1)(a)7 permits a worker who is age 57 or older on the date of last exposure to receive an alternate benefit that does not require retraining, but it is inapplicable due to the claimant's age.

3. These benefits shall also be paid bi-weekly while an employee is actively and successfully pursuing a General Equivalency Diploma (GED) in accordance with administrative regulations promulgated by the executive director. These benefits shall be paid in the amount of sixty-six and two-thirds percent (66–2/3%) of the employee's average weekly wage not to exceed seventy-five percent (75%) of the state average weekly wage for a maximum period not to exceed seventeen (17) weeks. These income benefits shall be in addition to the maximum amount of retraining incentive benefits payable under this paragraph.

KRS 342.732(1)(a)5 requires the period for payment of the benefit to commence no later than 30 days after finality of the award but permits the worker to defer the beginning of the period for up to an additional 365 days. However, if a worker does defer payment for more than an additional 365 days, KRS 342.732(1)(a)10 provides for benefits that would otherwise be payable to be reduced on a week-for-week basis for each week they are deferred.

Counsel relies upon KRS 342.320, which addresses attorney's fees. As amended effective July 15, 2002, it provides, in pertinent part, as follows:

(2) In an original claim, attorney's fees for services under this chapter on behalf of an employee shall be subject to the following maximum limits:

(a) Twenty percent (20%) of the first twenty-five thousand dollars ($25,000) of the award, fifteen percent (15%) of the next ten thousand dollars ($10,-000), and five percent (5%) of the remainder of the award, not to exceed a maximum fee of twelve thousand dollars ($12,000). This fee shall be paid by the employee from the proceeds of the award or settlement.

. . . .

. . . .

(8) Attorney's fees for representing employers in proceedings under this chapter pursuant to contract with the employer shall be subject to approval of the administrative law judge in the same manner as prescribed for attorney representation of employees. Employer attorney's fees are subject to the limitation of twelve thousand dollars ($12,000) maximum fees except that fees for representing employers shall not be dependent upon the result achieved. Employer attorney's fees may be paid on a periodic basis while a claim is adjudicated and the payments need not be approved until the claims resolution process is completed. Fees for legal services in presenting a claim for reimbursement from the Kentucky coal workers' pneumoconiosis fund shall not exceed one thousand dollars ($1,000). All such approved fees shall be paid by the employer and in no event shall exceed the amount the employer agreed by contract to pay.

KRS 342.320(1)(a) provides that attorney's fees "shall be subject to the approval of an administrative law judge pursuant to the statutes and administrative regulations." KRS 342.732(5) directs the Office of Workers' Claims to promulgate administrative regulations "sufficient to effectuate the provisions relating to retraining incentive benefits provided under subsection (1)(a) of this section." Promulgated under KRS 340.260(1) and KRS 342.270(3) as well as under 342.732(5), 803 KAR 25:125 addresses the calculation of an attorney fee for a RIB award under KRS 342.732(1)(a). It provides:

Section 1.

(1) Awards for an attorney's fee involving retraining incentive benefits shall be made in accordance with KRS 342.320 and 342.040.

(2) If benefits are awarded for retraining pursuant to KRS 342.732(1)(a), an attorney shall file a motion to request an attorney's fee.

(3) Interim attorney's fees shall only be paid upon the review and order of an administrative law judge.

(4)(a) Interim attorney's fee motions shall be filed not less than six (6) months from the time the claimant is enrolled in a bona fide retraining program or GED program.

(b) Interim attorney's fee motions may be filed:

1. At six (6) months intervals following the first order for the interim attorney's fee;

2. At the completion of training; or

3. Upon termination from the program.

Section 2.

(1) A value shall be placed on the award, and an attorney's fee shall be awarded if the claimant:

(a) Is enrolled and has been accepted in a bona fide training program or GED program; and

(b) Does not defer the beginning of benefits pursuant to KRS 342.732(1)(a)5.

(2) If the claimant has enrolled in a bona fide retraining program or GED program, the value of the award shall be based upon the number of weeks completed at the time the interim attorney's fee motion is filed.

(3)(a) Any value computed for an attorney's fee shall be limited to the number of weeks of the program completed multiplied by the weekly benefits paid to the claimant.

(b) Costs of tuition, books, completion bonus and moving expenses shall not be considered as part of the benefits in computing the attorney's fee.

(4) An original award for retraining pursuant to KRS 342.732(1)(a) shall direct the employer and its insurance carrier or Coal Workers' Pneumoconiosis Fund (CWPF), in claims brought under KRS 342.792, to withhold a specified amount or percentage from each benefit payment in accordance with the percentage limitations specified in KRS 342.320(2)(a).

(5) All interim fees awarded by an administrative law judge as specified in subsection (4) of this section shall be paid directly to the attorney in a lump sum by the employer, its insurance carrier or the Coal Workers' Pneumoconiosis Fund (CWPF), subject to the percentage limitations specified in KRS 342.320(2)(a).

(6) If the amount withheld by the employer, its insurance carrier or the Coal Workers' Pneumoconiosis Fund (CWPF), as required by subsection (4) of this section, is greater than the amount of the attorney's fee for the interim period, the excess amount shall be paid to the claimant.

Under KRS 342.732(1)(a), the entitlement to a RIB award and the entitlement to benefits under the award are separate matters. Unlike the payment of benefits under awards pursuant to KRS 342.730 or KRS 342.732(1)(b)-(e), the payment of benefits under a RIB award is contingent on the proof of additional facts. Faced with similar statutes in *Baker v. Shamrock Coal Co., Inc.,* 985 S.W.2d 755, 756 (Ky.1999), this court distinguished authority supporting an argument that the attorney's fee should be based on the worker's potential recovery and concluded that a fee was premature until the worker was entitled to receive benefits under the award. We explained that the worker was not entitled to a recovery until he met the conditions for benefits to be paid and that the amount of

his attorney's fee could not be determined until a benefit was authorized. Furthermore, the fee could not be deducted from payments of benefits until they were made.

Although the present version of KRS 342.320(2)(a) bases the attorney's fee for a workers' compensation claim on the amount of the "award," it clearly requires the fee to be "paid by the employee from the proceeds of the award or settlement." The purpose of the RIB is to encourage coal workers whose pneumoconiosis presently causes no respiratory impairment to find work outside the mining industry before their condition worsens. *See Baker v. Shamrock Coal Co., Inc., supra; Meade v. Spud Mining*, 949 S.W.2d 584, 587–88 (Ky. 1997). Consistent with that purpose, KRS 342.732(1)(a)2 and 3 condition the receipt of benefits under the award on enrollment and participation as a student. KRS 342.732(1)(a)5 and 10 restrict the time within which benefits must be paid or expire, thereby encouraging the recipient to do so promptly. As a result, a worker who receives a RIB award must also demonstrate that he is entitled to receive benefits under the award for there to be a recovery or proceeds from which to determine the amount of an attorney's fee and from which to deduct the fee. *Id.*

Absent a properly supported finding that the claimant was enrolled and actively participating as a student, he was not entitled to receive benefits under his RIB award. For that reason, not only was counsel's motion for an attorney fee premature under the terms of the employment contract, it was premature under KRS 342.320(2)(a) as well as 803 KAR 25:125. Counsel has not challenged the constitutionality of KRS 342.320; therefore, it is unnecessary for us to address the remainder of his arguments.

The decision of the Court of Appeals is affirmed.

All concur.