# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2017-SC-000053-WC

DATE 4/12/18 Kim Redmon, DC

JENNINGS FIELDS                                                    APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2016-CA-000643-WC
WORKERS' COMPENSATION BOARD
NO. 14-WC-00515


JAMES RIVER COAL SERVICE COMPANY;                    APPELLEES
HON. R. ROLAND CASE, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING


In 1993, Appellant, Jennings Fields (Fields), filed a claim for an

occupational lung disease called pneumoconiosis while he was working for

Ikerd & Bandy Coal Company. Fields settled that case in 1994 in exchange for

a one-time lump sum retraining incentive benefit (RIB) payment totaling

$16,250. *See* KRS 342.732(1). Thereafter, Fields worked for seven years as a

bulldozer operator for Appellant, James River Coal Service Co. (JRC). Fields

has also worked for several other mining companies during his coal mining

career.

In 2014, Fields filed another pneumoconiosis claim against JRC under KRS 342.732(1). The ALJ ruled in Fields' favor and denied JRC any credit for the prior RIB settlement between Fields and his previous employer Ikerd & Bandy. The Workers' Compensation Board (Board), affirmed the ALJ's findings. The Court of Appeals unanimously reversed the Board's decision. The court concluded that because Fields had previously received a RIB award in 1994, the ALJ erred as a matter of law in awarding an additional RIB award. Fields now appeals to this Court. Having reviewed the record and the law, we affirm the Court of Appeals.

## Analysis

In order to reverse, we must determine that the ALJ's findings were "so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." KRS 342.285; *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). Fields argues that his previous settlement agreement with Ikerd & Bandy did not constitute a RIB award and, therefore, does not bar his current RIB claim against JRC. The statute at issue here is KRS 342.732(1):

> Notwithstanding any other provision of this chapter, income benefits and retraining incentive benefits for occupational pneumoconiosis resulting from exposure to coal dust in the severance or processing of coal shall be paid as follows:
>
> (a) 1. If an employee has a radiographic classification of category 1/0, 1/1 or 1/2, coal workers' pneumoconiosis and spirometric test values of eighty percent (80%) or more, the employee shall be awarded a one (1) time only retraining incentive benefit which shall

2

be an amount equal to sixty-six and two-thirds percent (66-$^2$/$_3$%) of the employee's average weekly wage as determined by KRS 342.740, but not more than seventy-five percent (75%) of the state average weekly wage, payable semimonthly for a period not to exceed one hundred four (104) weeks, except as provided in subparagraph 3. of this paragraph.

In applying this statute and case law interpreting ambiguous contracts, the Court of Appeals addressed the 1994 settlement agreement between Fields and Ikerd & Bandy as follows:

> We acknowledge that the ALJ in 1994 made no specific finding of coal worker's pneumoconiosis, and that the 1994 settlement was explicitly framed as a compromise. That said, Fields brought his claims under KRS 342.732(1)(a), the settlement recites its basis as an "RIB claim[,]" evidence was presented in the 1994 case (as noted by current ALJ) that "[Fields] had his x-ray interpreted by three separate 'B' readers; two interpretations were read as Category 1/0 and one was read as Category 1/2. [Fields] entered into a settlement agreement whereby he agreed to resolve his pneumoconiosis claim **in exchange for a lump sum RIB payment**." (Emphasis added). The 1994 settlement also stated "[t]his amount is inclusive of all attorney fees, rehabilitation, and no medical expenses apply as this is a claim for simple coal worker's pneumoconiosis."

To further clarify, the 1994 agreement explicitly recites its basis as a pneumoconiosis claim brought pursuant to KRS 342.732(1)(a). The "Date Disability Began" section of the agreement stated: "N/A Rib Claim." Therefore, we hold that the ALJ and the Board erred as a matter of law in failing to give preclusive effect to the 1994 settlement agreement.

Fields' additional argument that he should be awarded benefits due to his worsening condition is also unpersuasive. Proof of a worsening condition is not an exception to the clear one-time RIB rule described in KRS 342.732(1)(a)

3

and thus, does not permit double recovery under that provision. This is consistent with the purpose of the RIB which is to "encourage coal workers whose pneumoconiosis presently causes no respiratory impairment to find work outside the mining industry before their condition worsens." *Howard v. Peabody Coal,* 185 S.W.3d 165, 170 (Ky. 2006). *See also, Helton v. Canada Mountain Coal Augering, Inc.,* 892 S.W.2d 588, 590 (Ky. 1995) ("a worker may not receive both a RIB benefit and the full income benefit for which he would otherwise be entitled by virtue of his occupational disability.").

## **Conclusion**

For the foregoing reasons, we hereby affirm the Court of Appeals' decision reversing and vacating the Board's Opinion and Order. We remand this case to the ALJ for an appropriate order consistent with this opinion.

Minton, C.J.; Cunningham, Hughes, Keller, Venters, and Wright, JJ., sitting. Minton, C.J; Cunningham, Hughes, and Venters, JJ., concur. Keller, J., concurs in result only. Wright, J., dissents by separate opinion. VanMeter, J., not sitting.

WRIGHT, J., DISSENTING: I disagree with the majority's holding that the 1994 "agreement as to compensation and order approving settlement" amounted to an award of RIB benefits. That agreement and order contained ambiguous language. While in some portions, the order referred to the benefits as RIB, the ALJ made no finding that Fields had coal workers' pneumoconiosis.

In 1994, KRS 342.732(1)(a) stated "[i]f the administrative law judge finds that an employee has a radiographic classification of category 1/0, 1/1, or 1/2,

4

. . . he shall award a one (1) time only retraining incentive benefit." Thus, under that statute, the ALJ had no discretion in awarding RIB. *If* he found Fields had a radiographic classification contained in that statute, RIB was mandatory. Far from making such a finding, however, the ALJ in the 1994 claim stated in the order, "[b]ased upon the evidence presented, the ALJ could dismiss or enter an award of benefits under KRS 342.732(1)(a)." He made no such finding one way or the other. Therefore, the ALJ did not make a determination that Fields fit into one of the radiographic classifications required by the statute. Without such a finding, the benefits cannot have been RIB.

Furthermore, the ALJ's order also concluded with the statement: "[t]his is a compromised settlement." That statement does not indicate that the award was for RIB benefits or was in lieu of such benefits—which, as stated, would have required findings of fact not included in the order. The settlement was just that: a compromise. Such a compromise should not prohibit Fields from receiving benefits now. Because of the ambiguous nature of the agreement and order, it should be construed in Fields's favor.

As to whether Fields may reopen his claim, I turn to KRS 342.125(7), which reads:

> Where an agreement has become an award by approval of the administrative law judge, and a reopening and review of that award is initiated, no statement contained in the agreement, whether as to jurisdiction, liability of the employer, nature and extent of disability, or as to any other matter, shall be considered by the administrative law judge as an admission against the interests of any party. The parties may raise any issue upon reopening and

5

review of this type of award which could have been considered upon an original application for benefits.

Furthermore, (1)(d) allows a claim to be reopened due to a change in disability. The ALJ made no determination of disability in 1994—and made no finding that Fields had coal workers' pneumoconiosis at that point. Therefore, that agreement would not serve to preclude Fields's reopening of the case and recovery in the current action.

For these reasons, I agree with the Workers' Compensation Board that the 1994 settlement did not constitute a RIB award. I would reverse the Court of Appeals.

COUNSEL FOR APPELLANT:

McKinnley Morgan
Morgan Collins & Yeast

COUNSEL FOR APPELLEE, JAMES RIVER COAL SERVICE COMPANY:

Morgan Fitzhugh
Hassman & Fitzhugh, PLLC

6