*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0267p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

COURTLAND BISHOP, Individually and on behalf of a minor, and MICHELLE BISHOP, Individually and on behalf of a minor,
        *Plaintiffs-Appellants,*

    *v.*

THE CHILDREN'S CENTER FOR DEVELOPMENTAL ENRICHMENT, dba The Ohio State University Children's Center for Developmental Enrichment, dba CCDE Therapies, dba Oakstone Academy; REBECCA MORRISON, Individually and as agent and Chief Executive Officer of The Children's Center for Developmental Enrichment,
        *Defendants-Appellees.*

No. 09-3383

> Appeal from the United States District Court
> for the Southern District of Ohio at Columbus.
> No. 08-00766—Gregory L. Frost, District Judge.

Argued: June 16, 2010

Decided and Filed: August 25, 2010

Before: SILER and GIBBONS, Circuit Judges; REEVES, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Kathi J. Machle, R. J. DONOVAN CO., LPA, Columbus, Ohio, for Appellants. S. Adele Shank, LAW OFFICE OF S. ADELE SHANK, Columbus, Ohio, for Appellees. **ON BRIEF:** Kathi J. Machle, Richard J. Donovan, R. J. DONOVAN CO., LPA, Columbus, Ohio, for Appellants. S. Adele Shank, LAW OFFICE OF S. ADELE SHANK, Columbus, Ohio, Robert H. Willard, HARRIS & MAZZA, Columbus, Ohio, for Appellees.

---

[*]The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

————————————

## OPINION

————————————

SILER, Circuit Judge.  Courtland and Michelle Bishop and their minor disabled son CB[1] brought suit against the private school to which CB had been assigned just less than three years after the school expelled CB.  Ohio's statute of limitations, which is applied to their federal constitutional claims, bars suit after two years.  They argued their claims were statutorily tolled under Ohio's minority tolling statute.  The district court did not address this argument but instead dismissed the claims as time-barred, because it concluded that equitable tolling was not appropriate.  We **REVERSE** and **REMAND** the decision of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Bishops reside with their minor son CB in the Worthington, Ohio School District.  Because of a disability, CB was placed at Oakstone Academy ("Oakstone").  The Oakstone school is a portion of the Children's Center for Developmental Enrichment's ("CCDE") non-profit business.  Oakstone provided educational services to CB pursuant to his Individualized Education Plan ("IEP") beginning in 2002.  Worthington School District contracted with Oakstone to provide these services.

In 2005, CB was slated for placement in a transition pre-K classroom for the following year. On August 16, 2005, however, the Bishops learned that CB had actually been retained in the previous level preschool classroom, rather than progressing to the pre-K classroom as envisioned by the IEP.  They allege that their attempts to discuss this issue with school personnel were ignored, and the Bishops claim that they were ordered on the first day of school to take CB home until Rebecca Morrison, the director of

————————————

[1]Throughout this opinion "the Bishops" will refer to Courtland and Michelle Bishop, "CB" will refer to their minor son, and "Plaintiffs" will refer to the Bishops and CB collectively.

Oakstone, could talk to them. On August 31, 2005, Morrison decided that CB no longer had a place at Oakstone.

Plaintiffs filed a complaint notice and request for due process hearing with the Ohio Department of Education on October 25, 2005, but withdrew the complaint and hearing request before the hearing.

On May 20, 2006, the Bishops, on behalf of themselves and CB, filed suit in U.S. District Court, alleging that they were damaged as a result of CB's expulsion. They sought relief under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, and 42 U.S.C. § 1983. On March 5, 2007, the district court dismissed for failure to exhaust administrative remedies under the IDEIA. In doing so it reasoned that Plaintiffs could not circumvent the exhaustion requirements of the IDEIA by also bringing claims under the Rehabilitation Act, the ADA, or § 1983.

On August 14, 2007, Plaintiffs filed an administrative due process complaint against Worthington Schools, the Ohio Department of Education, and CCDE. On October 16, 2007, the District Level Hearing Officer concluded that the complaint failed to state a claim against CCDE on which relief could be granted. Plaintiffs then requested State Level Review, which was denied. The decision was made final in a second decision on March 17, 2008. Plaintiffs' claims against Worthington Schools proceeded through the administrative process, and a final decision was issued on June 12, 2008.

On August 8, 2008, the Bishops again filed suit in federal court, individually and on behalf of CB. They alleged causes of action under the Rehabilitation Act, § 1983, and Ohio law against CCDE, Worthington Schools, and Morrison as defendants. The district court found that the suit was time-barred and granted summary judgment for the Defendants. It reasoned that the claims accrued at the time of the injury, not after administrative exhaustion, as Plaintiffs argued. Consequently, it found that equitable

tolling was inapplicable, but did not address the minority[2] statutory tolling argument raised by Plaintiffs.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, viewing the facts and inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005).

## DISCUSSION

### I. Accrual of Plaintiffs' Claims and the Statute of Limitations

Since neither the Rehabilitation Act, nor § 1983 contains a limitations period, *see James v. Upper Arlington City Sch. Dist.*, 228 F.3d 764, 769 (6th Cir. 2000) (citing *Southerland v. Hardaway Mgmt. Inc.*, 41 F.3d 250, 254 (6th Cir. 1994) (Rehabilitation Act), and *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (§1983)), the most appropriate or analogous Ohio limitations period applies to Plaintiffs' claims under these statutes. *See Wilson*, 471 U.S. at 266-67. The nearest analogous statute for both claims is Ohio Revised Code § 2305.10, which provides a two-year statute of limitations period. *See LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (§1983); *Lewis v. LaFayette County Detention Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. April 28, 2000) (Rehabilitation Act). Consequently, Plaintiffs had two years from the time their claims accrued in which to file.

Although the statutes of limitations for both the Rehabilitation Act and § 1983 are borrowed from state law, the actions accrue and the statutory period begins to run according to federal law. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Southerland*, 41 F.3d at 254. The general federal rule is that "the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have

---

[2] Plaintiffs do not raise the question of disability tolling, and we are not deciding the applicability of that rule. *See* Ohio Rev. Code. § 2305.16.

known, both his injury and the cause of that injury." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

Consequently, Plaintiffs' claims accrued on August 31, 2005, when they knew that CB had been expelled from Oakstone because of the Bishops' inquiries into his class assignment. It is irrelevant that Plaintiffs also had an administrative remedy available to them at that point, or that they were required to exhaust that remedy before bringing suit; redress was available at the time of the injury. *Cf James*, 228 F.3d at 769. Plaintiffs had until August 31, 2007, to file their claims under the Rehabilitation Act or §1983, and the district court correctly concluded that the claim accrued and the statutory period began running on August 31, 2005.

## II. Statutory Tolling for Minority under Ohio Law

When the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are "inconsistent with the federal policy underlying the cause of action under consideration." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980). In Ohio, unless otherwise provided, if a person was within the age of minority at the time his claim accrued, he may bring the claim within the statutory period after the disability was removed. *See* Ohio Rev. Code. § 2305.16. If the minor plaintiff's claims are joint and inseparable with the claims of other parties, they too can benefit from his disability and bring their claims within the statutory period after his disability ends. *Id.*

CB was a minor when his claim accrued, meaning that Ohio's minority tolling provision applies to his case unless it would be "inconsistent with the federal policy underlying [his] cause of action" under §1983 or the Rehabilitation Act. *See Bd. of Regents*, 449 U.S. at 485. The Supreme Court's language focuses our inquiry on "the federal statute at issue," *Hardin v. Straub*, 490 U.S. 536, 539 (1989), in other words, "the cause of action under consideration." *Bd. of Regents*, 446 U.S. at 485. The federal statutes at issue are § 1983 and the Rehabilitation Act, and we have not previously decided whether Ohio's minority tolling statute is inconsistent with either of these statutes.

The chief goals of § 1983 are compensation and deterrence, and its subsidiary goals are uniformity and federalism. *Hardin*, 490 U.S. at 539. Applying Ohio's minority tolling statute does not undermine either of these goals. As the Supreme Court explained in *Hardin*:

> A State's decision to toll the statute of limitations during the [plaintiff's] disability does not frustrate § 1983's compensation goal. Rather, it enhances the [plaintiff]'s ability to bring suit and recover damages for injuries. Nor does the State's decision to toll its statute of limitations hinder § 1983's deterrence interest. In the event an official's misconduct is ongoing, the plaintiff will have an interest in enjoining it; thus, the time during which the official will unknowingly violate the Constitution may well be short. The State also may have decided that if the official knows an act is unconstitutional, the risk that he or she might be haled into court indefinitely is more likely to check misbehavior than the knowledge that he or she might escape a challenge to that conduct within a brief period of time.

490 U.S. at 543. Thus, "[t]olling is neither inconsistent with nor required by § 1983's goal of compensating persons whose constitutional rights have been violated." *Id.* at 542. Furthermore, while we have not dealt specifically with Ohio's minority tolling statute in the § 1983 context, we held, in an unpublished decision, that Michigan's minority tolling statute could apply in a §1983 case to allow an otherwise time-barred claim to proceed. *See Hawkins v. Czarnecki*, No. 96-2437, 1998 U.S. App. Lexis 1690, at *9-10 (6th Cir. Feb. 2, 1998); *cf. Austin v. Brammer*, 555 F.2d 142, 143-44 (6th Cir. 1977) (recognizing the applicability of Ohio's statute, which allows tolling for imprisonment, in the §1983 context).

We have not previously examined the compatibility of Ohio's tolling statute with the Rehabilitation Act, but we have recognized that it is "is a 'civil rights statute . . . closely analogous to section 1983.'" *Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir. 1991) (quoting *Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987)). Consistent with that recognition, we have applied the same state-law limitations period to Rehabilitation Act claims as to § 1983 claims. *Southerland*, 41 F.3d at 254. Thus, Ohio's tolling provisions apply to CB's claims

because the minority tolling statute is not inconsistent with § 1983, and the Rehabilitation Act's goal of protecting individuals with handicaps from discrimination, *see Baker v. Bd. of Regents*, 991 F.2d 628, 631-32 (10th Cir. 1993), is not undermined by allowing minority tolling. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983-84 (5th Cir. 1992) (reversing and remanding a district court's decision that a plaintiff's claims were time-barred under the Rehabilitation Act because the court had failed to consider whether Texas's minority tolling statute was applicable).

The Bishops' claims are also tolled by virtue of CB's minority. According to Ohio's tolling provisions, a third-party's claims are tolled based on the disability of one party when the third-party's claims are "joint and inseparable" from the disabled party's claims. *See* Ohio Rev. Code. § 2305.16. Under Ohio law, claims can be "joint and inseparable" even though they are "separate and distinct." *Fehrenback v. O'Malley*, 841 N.E.2d 350, 366 (Ohio Ct. App. 2005). The Bishops seek monetary losses and loss of consortium, and these claims are derivative of CB's constitutional claims because they arose from his expulsion from Oakstone. *See id.* (reasoning that parents' claims for loss of consortium and medical expenses were derivative of the minor child's malpractice claim because all three claims "arose out of the same allegedly tortious act," even though the parents' injuries were separate and distinct and the single alleged wrong gave rise to two separate and distinct claims: one on behalf the child for personal injury and one on behalf of the parents for loss of consortium and medical expenses); *see also Loudin v. Mills*, No. C-990569, 2000 Ohio App. Lexis 2006, at *12-13 (Ohio Ct. App. May 12, 2000) (recognizing parents' claims for loss of consortium and reimbursement for incurred losses as derivative claims of their son's claims of sexual assault, which were thereby subject to the same statute of limitations and minority tolling as their son's claim, and characterizing their claims for negligent and intentional infliction of emotional distress as separate claims that were nevertheless tolled during the minority of their son). Since we conclude that both CB's and the Bishops' federal law claims were subject to minority tolling and therefore not barred by the statute of limitations, we reverse and remand the district court's decision as to these claims.

### III. State Law Claims

When all the federal claims in a case have been dismissed, there is a strong presumption in favor of dismissing any remaining state law claims unless the plaintiff can establish an alternate basis for federal jurisdiction. *See* 28 U.S.C § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the district court did not err in dismissing Plaintiffs' state law claims upon its dismissal of the federal claims in this case. Nevertheless, because we reverse the district court's decision on Plaintiffs' federal claims, we also reverse the district court's decision on their state law claims. Since the district court will once again have federal claims before it, we remand the state law claims to the district court to allow it to determine whether to exercise supplemental jurisdiction in light of this change in circumstances.

**REVERSED AND REMANDED** for further proceedings consistent with this opinion.