[Cite as *In re T.J.*, 2013-Ohio-591.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98942**

---

## IN RE: T.J.
## A Minor Child

## [APPEAL BY THE CLEVELAND METROPOLITAN SCHOOL DISTRICT]

---

### JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 12111104

**BEFORE:**   Keough, J., Boyle, P.J., and Celebrezze, J.
**RELEASED AND JOURNALIZED:**   February 21, 2013

**ATTORNEYS FOR APPELLANT**

Inajo Davis Chappell
Max W. Thomas
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
By: Salvatore Amata
Audrey Del Valle
Assistant Public Defenders
1849 Prospect Avenue, East
Suite 222
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Under the Individuals with Disabilities in Education Improvement Act ("IDEIA"), 20 U.S.C. 1400 et seq., school districts that receive federal funding must provide a "free and appropriate public education" to students. Accordingly, under IDEIA, appellant, the Cleveland Metropolitan School District ("CMSD"), is responsible for providing educational programming and services for students who have been identified as having qualifying special educational needs and/or disabilities. Appellee, T.J., has been identified as a student entitled to such educational programming and services. CMSD has developed and implemented for T.J. an Individualized Education Plan ("IEP"), which included Extended School Year ("ESY") services. Based on his IEP, he was receiving his educational instruction at Educational Alternatives.

{¶3} In early July 2012, T.J. was incarcerated at the Cuyahoga County Juvenile Detention Center. During his incarceration, T.J. continued to receive educational instruction and services pursuant to his IEP, until July 20, which is when summer vacation began for educational instructional staff.

{¶4} On August 3, 2012, T.J. moved to join CMSD as a necessary party to the

pending delinquency case and requested an order requiring CMSD to provide special educational services to T.J. during his incarceration as required by his IEP. On August 7, the juvenile court conducted a competency hearing. At this hearing, the court also considered T.J.'s motion to join CMSD as a necessary party, however, no attorney or representative for CMSD was present. Nevertheless, the court granted T.J.'s motion and issued an order requiring CMSD to provide T.J. the educational services requested.

{¶5} On August 10, CMSD filed its brief in opposition to T.J.'s August 3 motion, contending that the motion should be denied because T.J. had not exhausted his administrative remedies as required by federal law and under the IDEIA. On August 16, the juvenile court overruled CMSD's "objections" and affirmed its prior order issued on August 7.

{¶6} CMSD appeals from this decision, raising the following five assignments of error:

1. The Juvenile Division erred in ordering the District to provide certain educational services, because any relief sought for an alleged violation of IDEIA must be sought through the administrative procedures mandated by governing federal law.

2. The Juvenile Division's order impermissibly circumvents the administrative procedures mandated by governing federal law.

3. The Juvenile Division's August 16 Order requiring the District to provide certain educational services is both moot and duplicative, because the District is committed to providing Minor T.J. with all educational programming and services required under federal law, and there is no finding that it has not done so.

4. The Juvenile Division's order joining the District is contrary to law where, as here, the mandatory administrative remedies were not exhausted.

5. The Juvenile Division improperly joined the District because Minor T.J. failed to demonstrate that any relief sought in the Juvenile Court action could not be obtained without joining the District.

{¶7} CMSD identifies that the issue before this court is whether the juvenile court disregarded and circumvented the administrative scheme established by IDEIA and, more specifically, whether T.J. exhausted his administrative remedies before seeking relief under the IDEIA.

{¶8} It is well settled that a plaintiff must exhaust administrative remedies before bringing suit to obtain relief that is available under the IDEIA. *Bishop v. Children's Ctr. for Dev. Enrichment*, S.D.Ohio No. 2:08-cv-766, 2009 U.S. Dist. LEXIS 17155 (Mar. 6, 2009) *3-4, *rev'd on other grounds*, *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533 (6th Cir.2010), citing 20 U.S.C. 1415(l); *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir.1989); *Crocker v. Tennessee Secondary School Athletic Assn.*, 873 F.2d 933, 935 (6th Cir.1989). *See also E. F. v. Oberlin City Sch. Dist.*, 10th Dist. No. 09CA009640, 2010-Ohio-1370, ¶ 26.

{¶9} In this case, there was no indication in T.J.'s motion that he exhausted his administrative remedies before seeking joinder and requesting relief under IDEIA through the juvenile court. Additionally, the record before this court is entirely devoid of any facts or evidence that any administrative remedies were pursued by T.J. Accordingly, the trial court erred in granting T.J.'s motion for relief under IDEIA. Moreover, because

the basis for joinder was for IDEIA relief, the trial court also abused its discretion in joining CMSD to the juvenile court delinquency proceeding. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 184, 465 N.E.2d 1298 (1984) (appellate court reviews a trial court's decision as to whether a person is a necessary party under an abuse of discretion standard).

{¶10} Accordingly, CMSD's first, second, and fourth assignments of error are sustained, thus rendering the remaining assignments of error moot.

{¶11} Judgment reversed and remanded for the trial court to (1) vacate is August 16, 2012 order and (2) strike from its August 7, 2012 order the language granting T.J.'s August 3, 2012 motion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR